UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,  Case No. 22-cr-115 (WMW/TNL)

    Plaintiff,

v.  **ORDER**

Richard Dean Vandeweerd,

    Defendant.

---

Lauren Olivia Roso, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

James S. Becker, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Pretrial Disclosure of 404 Evidence, ECF No. 22;

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23;

3. Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 24;

4. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 25;

5. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 26;

6. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 27; and

1

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 28.

These motions were scheduled to be heard by the undersigned on June 16, 2022. ECF Nos. 12, 14 at 3, 29 at 4. The parties subsequently requested that the hearing be canceled, and the motions be decided on the papers. ECF No. 31. The hearing was stricken, and the motions were taken under advisement. ECF No. 32. Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404." ECF No. 22. The Government responds that it is aware of and will comply with its obligations under Rule 404(b). Gov't's Omnibus Resp. at 4, ECF No. 30. The Government "proposes to make its Rule 404(b) notification two weeks prior to trial." *Id*.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid.

2

404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds that the Government's proposal that Rule 404(b) evidence be disclosed two weeks prior to trial is reasonable.  As such, no later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).  Defendant's motion is otherwise denied.  If the Government subsequently

discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. ECF No. 23 at 1. Defendant specifically asks the Court to order the Government to "review the files of all agencies involved in the case to determine whether any additional exculpatory material exists," that it disclose any such material, and "further direct all law enforcement agencies involved in any way with this case and its underlying investigation [to] disclose all exculpatory materials." *Id.* at 2. Defendant also requests that the Government's disclosures include: statements of any indicted or unindicted witnesses which either exculpate Defendant or contradict the statements of other witnesses; reports of interviews relating to any such statements; prior convictions of prospective Government witnesses; any offers or promises made to prospective Government witnesses; photographs used by Government agents in its investigation to identify Defendant; and identification information related to Defendant. *Id.* The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady* and its progeny. Gov't's Omnibus Resp. at 5. It objects to Defendant's requests to the extent they go beyond those discovery obligations. *Id*.

"The Due Process Clause of the Fifth Amendment requires the government to

4

disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation

omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion and request for information, including statements regarding indicted and unindicted witnesses interviewed, is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than three days before trial. *See infra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 24, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A)

through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 24. This includes expert witness disclosures. *Id.* at 3 (citing Fed. R. Evid. 702, 703, & 705). Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified. *Id.* at 3. The Government responds that it has no objection to providing Rule 16 discovery to Defendant to the extent that Defendant's requests for discovery comport with the provisions of Rule 16. Gov't's Omnibus Resp. at 6-7.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

4.      Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 25, is **DENIED**.

Defendant requests that the Court order the Government to disclose the identity of

7

any informant(s) utilized by the Government in this case; to make any such informant(s) available for interview by his attorneys; and to disclose the prior criminal convictions of any such informant(s).  ECF No. 25.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)).  In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted).  "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).  Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. "If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018). Here, Defendant has not offered any information to show that there are any confidential informants that would be material to the determination of his case. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)); *see also United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984) (a defendant has the burden of showing materiality, which "requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant."). Accordingly, Defendant has not met his burden of demonstrating the need for the disclosure of any confidential informant(s) and his motion is denied.

Notwithstanding this, the Government states that "[s]hould this matter proceed to trial, the government will provide the name of [the Online Covert Employee] to the defendant." Gov't's Omnibus Resp. at 8. The Government "requests leave to provide the identity of this witness three weeks prior to trial." *Id*. Pursuant to the Government's request, to the extent the Government discloses the identity of the Online Covert Employee, the Court grants the Government's request to provide the identity of this witness three

weeks prior to trial.

5.  Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 26, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least three days prior to the commencement of trial. ECF No. 26 at 1-2. The Government objects to any order requiring early disclosure but states it will disclose Jencks Act materials voluntarily at least three days prior to trial. Gov't's Omnibus Resp. at 9.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*Green*, 151 F.3d at 1115; *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three days before trial per the Government's proposal.

6.  Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 27, is **GRANTED**.

10

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken and evidence seized as part of their investigation. ECF No. 27 at 1. The Government does not object to the retention of rough notes, and states that it has instructed law enforcement to retain their rough notes and all evidence gathered in connection with the investigation until final disposition of the charges. Gov't's Omnibus Resp. at 9.

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 28, is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 28. The Government seeks to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial.

The Court grants the Government's motion. Consistent with the Government's proposal, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

11

8. All prior consistent orders remain in full force and effect.

9. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: September __14__, 2022

            *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Vandeweerd*
Case No. 22-cr-115 (WMW/TNL)