UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-115 (WMW/TNL)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RICHARD DEAN VANDEWEERD,

                Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and defendant Richard Dean Vandeweerd (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The defendant agrees to plead guilty to Count Three of the Indictment, which charges the defendant with committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. The defendant fully understands the nature and elements of the crime with which he has been charged. The United States agrees that is will not bring other charges against the defendant based on facts learned in the investigation of the defendant's conduct that are known to the United States as of the date of this plea agreement. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

1

SCANNED
APR 18 2023
U.S. DISTRICT COURT ST. PAUL

2.     **Factual Basis**.  The defendant is pleading guilty because he is in fact guilty of Count Three of the Indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines.

From on or about February 6, 2020, through on or about February 14, 2020, and again in November 2020, in the State and District of Minnesota, the defendant, by means of interstate commerce, knowingly attempted to transfer obscene material to an individual who purported to be a 14-year-old girl named "Becca," knowing that "Becca" had not attained the age of 16 years.

Specifically, in February 2020, the defendant used the web-based chat application Meet24 to contact "Becca," who purported to be a 14-year-old female from Tennessee but was actually an online law enforcement role player with the Federal Bureau of Investigation.  Using the username "older guy for younger female," the defendant asked "Becca" to confirm she was 14 years old.  Over the next few days, the defendant engaged in a sexually explicit conversation with "Becca" and sent her, via the web-based chat platform, photos of what he purported to be his erect penis.

The defendant again reached out to "Becca" on the Meet24 application in November 2020.  After sending "Becca" additional photos of his erect penis over Meet24, the defendant spoke on the phone with a confidential human source posing as "Becca."  During the phone conversation the defendant remarked, "You're about 20 years of trouble."  After laughing, the defendant explained to "Becca" that "messing with you will get a guy 20 years."  The defendant also stated he was willing to meet

"Becca," but stressed they could not get caught.  The defendant asked "Becca" to make sure she deleted everything from their conversations because he did not want to leave a trace of their interactions.

At the time the defendant sent "Becca" photos of his erect penis in both February and November 2020, the defendant was required to register as a sex offender with the State of Minnesota based on a previous conviction in Mower County for Third-Degree Criminal Sexual Conduct.  The defendant acknowledges that he was required to register as a sex offender at the time of the offense, was in fact registered as a sex offender at the time of the offense, and knowingly and voluntarily sent the obscene photos to "Becca" over the Meet24 application believing her to be a 14-year-old girl.

3.    **Waiver of Pretrial Motions**.  The defendant understands and agrees that he has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.  The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to

3

confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count Three of the Indictment, committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A, is a felony offense that carries the following statutory penalties:

    a.    a mandatory sentence of 10 years' imprisonment;

    b.    a maximum supervised release term of three years;

    c.    a maximum fine of $250,000;

    d.     assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    e.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8.    **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations.

    a.     <u>Statutory Sentence</u>. U.S.S.G. § 2A3.6(b) provides that the guideline sentence for conviction under 18 U.S.C. § 2260A is the term of imprisonment required by statute, which is **10 years of imprisonment**. Chapters Three and Four of the Sentencing Guidelines do not apply; the guideline sentence for this offense is determined only by the relevant statute. *See* U.S.S.G. § 2A3.6, comment n.2.

    b.   <u>Supervised Release</u>. U.S.S.G. § 5D1.2(b)(2) provides that a term of supervised release shall not be less than one year and may be up to life.

    c.   <u>Fine</u>.  U.S.S.G. § 5E1.2(a) provides that the court shall impose a fine in all cases, though a range is not suggested for this offense.

9.   **Discretion of the Court.**  The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court.  The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion.

10.   **Agreements as to Sentencing Recommendation.**  The parties agree to recommend a sentence of 10 years of imprisonment, the mandatory statutory sentence.

11.   **Special Assessment.**  The Sentencing Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3.  The defendant agrees to pay the $100 special assessment prior to sentencing.

12.   **Restitution Agreement.**  The defendant understands and agrees that the Crime Victim Restitution Act, 18 U.S.C. § 3663, applies and that the Court may order the defendant to make restitution to the victims of his crimes.  Because the victim, "Becca," is a member of law enforcement, the parties do not anticipate any restitution in this matter.

13.   **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

    a.   any visual depiction described in section 2251, 2251A, 2252,

6

2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

b.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to a Samsung Galaxy SM-S327VL cellphone, Serial No. 355744097680254, and an Acer R3-431 laptop, Serial No. NXMSSAA005520259BF7600. The defendant agrees that these items are subject to forfeiture because they were used to commit Count Three of the Indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or

otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges.

14. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

15. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.   **Complete Agreement.**  This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: April 17, 2023

BY:  LAUREN O. ROSO
Assistant United States Attorney

Date:

RICHARD DEAN VANDEWEERD
Defendant

Date: 4·17·23

JAMES S. BECKER
Counsel for Defendant

9