UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.  22-CR-115 (WMW/TNL) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **POSITION** |
| RICHARD DEAN VANDEWEERD, | ) | |
| | ) | |
| Defendant. | ) | |

Richard Vandeweerd is 63 years old, and his only hope is not to die in prison.

Mr. Vandeweerd, by and through his attorney, respectfully submits this following position paper regarding sentencing. Mr. Vandeweerd completely accepts that his offense conduct warrants meaningful punishment and respectfully requests that the Court impose a sentence of 120 months, the statutory term of imprisonment for his guilty plea to Count Three of his indictment.

Such a sentence would address his particular facts and circumstances as well as the nature of the offense. His request comports with the statutory mandate that any sentence be sufficient, but not greater than necessary, to address the goals of sentencing.

I.   Introduction

Richard Vandeweerd was born in Lanesboro, Minnesota in 1960, and he has spent his entire life in Minnesota. He was the sixth of nine children by his parents, and it appears that his entire childhood was marked by great instability and emotional trauma, incurring psychological scar tissue that would impact him throughout his life.

1

It appears that much of this disorder was due to his father's untreated trauma from combat during World War II. While his father would not talk about those experiences to his family, Mr. Vandeweerd recalls when he was about five years old his father was hospitalized for some kind of mental health crisis related to his wartime trauma. As a result, Richard and his siblings spent time in foster care and with extended family. Their family had frequent contacts with child protective services thereafter on multiple occasions.

His father's struggles impacted the family in other, more direct ways as well. Just before Richard was born, his family lost one of his sisters after she was hit by a school bus and passed away. Their father took this loss very hard, and apparently directed much of his grief onto Richard. He would openly discuss how he wished Richard was another daughter to replace the one they lost and later would physically maltreat Richard with violence in what seemed to be a misguided expression of grief and loss.

Moreover, Mr. Vanderweerd still recalls how all of these circumstances and challenges were made worse by their meager financial situation. They were welfare recipients for much of his youth, often unable to pay utility bills and without access to plumbing, leading to all sorts of chronic embarrassment after being removed from school for hygiene reasons.

Eventually, all these dynamics and history took a toll and when Richard was sixteen years old he ran away from home and worked a nearby dairy farm. During this time, Richard was the victim of an attempted sexual assault. When he confided in his father about this, his father did not believe him.

When Mr. Vandeweerd was twenty-one years old, he married a woman and they were together for close to twenty years before divorcing in 2002. Together they had three children along with another stepchild whom Mr. Vandeweerd considers his own. He is close with his children and his fifteen grandchildren.

In 2015, without any prior history, Mr. Vandeweerd pleaded guilty to a contact offense involving a minor child. After being released from state prison and on supervision, Mr. Vandeweerd interacted with an individual he believed was underage over the internet and sent that person several photos purportedly of his genitals.

Mr. Vandeweerd completely accepts responsibility for this offense conduct, understands why it is the subject of a federal prosecution, and agrees that punishment is warranted. The parties agree that the proposed term of incarceration of 120 months is appropriate, particularly given the facts that this was not a contact offense and Mr. Vandeweerd's age and health.

**II.   Background**

On April 17, 2023, Mr. Vandeweerd entered a guilty plea to Count Three of his indictment pursuant to a plea agreement previously filed with the Court, rendering him in violation of Title 18 United States Code Sections 2260A. Given the nature of the guilty plea, the presentence investigation report (PSR) calculates recommends a term of 120 months.

After taking into account the sentencing factors pursuant to 18 U.S.C. Section 3553(a), Mr. Vandeweerd respectfully requests that the Court sentence him to 120 months

on the grounds that such a sentence adequately addresses the statutory sentencing factors and represents a sentence that is sufficient but not greater than necessary.

### III.    Sentencing factors pursuant to 18 U.S.C. § 3553(a)

When imposing sentence, the Court must consider the factors delineated in 18 U.S.C. § 3553(a). In the final analysis, the Court is required to make sure that any sentence selected is "sufficient, but not greater than necessary" to meet the purposes of punishment. § 3553 (a)(2). Mr. Vandeweerd respectfully submits to this Court that a sentence of 120 months achieves these goals.

The reigning guidance for federal sentencing, 18 U.S.C. § 3553(a), et. seq., calls for the consideration of the federal sentencing guidelines alongside a host of other factors including the nature and circumstances of the offense, the history and characteristics of the offender, and what will best advance his or her rehabilitation. Although the advisory sentencing guidelines punish an intersection of offense and prior record alone, federal sentencing law, of which they are but a part, recognizes that courts are ultimately sentencing unique human beings.

The details of these considerations are guided by one overriding principle and an important congressional finding. Congress prescribes that the sentence should be the minimum necessary to accomplish the enumerated purposes of sentencing, namely correction and rehabilitation. Significantly, Congress has found that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

Further, the Supreme Court has empowered district courts with the discretion to sentence outside of the recommended guideline range. *United States v. Booker* and its

progeny give sentencing courts the discretion to make individualized sentencing decisions based on the individual facts of each case. It also gives courts more discretion to impose sentences outside the sentencing guidelines' recommendation if the specifics of the case justify such a result.

Since *Booker*, the relationship between a sentencing court and the federal sentencing guidelines has evolved well beyond the "advisory" label given to the guidelines by the Supreme Court. The Supreme Court has elaborated on the discretion a district court has to make sentencing decisions based on the facts of each case and broader policy questions.

The practical reality is that a sentencing judge, in evaluating each unique person facing sentencing, along with facts of each case, may "reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S.Ct. at 577 (Scalia, J., concurring).

Further, the sentencing court may vary from the advisory guideline range based solely on policy considerations, including disagreement with the policy underlying the guidelines in a case. *Id.* at 570. This is true "even in the mine-run case." *Id.* at 563.

The sentencing procedures set forth by the Supreme Court make clear that the recommended guideline range is just that: a recommendation. The *Gall* Court rejected the notion that extraordinary circumstances are required to justify a sentence outside the Guidelines range. *Gall,* 128 S.Ct. at 595. Ultimately, a sentencing judge must "impose a sentence sufficient, but not greater than necessary." *Kimbrough*, 128 S.Ct. at 570 (citing 18 U.S.C. § 3553(a)).

When considered together, the (1) unfettered sentencing factors, (2) the sentencing statute's call for a sentence no longer than necessary, and (3) unique facts of this case and characteristics of Mr. Vandeweerd, all support a sentence of 120 months.

### A.  The Nature of the Offense

Again, Mr. Vandeweerd without reservation concurs that what he did was serious and merits punishment. He approaches the Court completely at its mercy.

On his behalf, defense counsel does feel that it is appropriate to point out that although it is concerning that the instant case arose while Mr. Vandeweerd was on active supervision for a contact offense involving a minor for which he received a suspended sentence of 36 months that was later imposed after violating the terms of his state supervision with the same conduct underlying his federal case, the conduct here is less serious as it was entirely committed virtually – i.e., not a contact crime – and did not involve an actual victim. Accordingly, the proposed term of 120 months' incarceration represents a significant escalation of penalties and should be regarded as sufficient to address any 3553(a) factors related to the nature of the offense.

### B.     The History and Circumstances of Mr. Vandeweerd

As stated earlier, Mr. Vandeweerd is presently 63 years old. He is physically worn out, and his health concerns currently include high blood pressure and lung issues. It would also surprise no one if he began to experience delayed issues related to multiple head injuries incurred during his life.

With all this in mind, prison is a particularly rough environment for the physically vulnerable and the immuno-compromised. Mr. Vandeweerd believes that there is a good

chance that he will die in prison, even with a mandatory minimums sentence of 120 months. He respectfully implores the Court to take his physical condition into account.

### C.  The Need to Provide Specific Deterrence

A 120-month sentence will ensure adequate punishment for Mr. Vandeweerd, including the need to deter him from making similar errors in the future. Beyond that, the Court will continue to monitor Mr. Vandeweerd during a period of supervised release. Mr. Vandeweerd understands that any failure to comply with the conditions of supervised release would risk a return to prison.

The longest period of incarceration previously imposed was for 36 months in state court, for which individuals serve two-thirds of that time resulting in an actually served period of approximately 24 months. A sentence here of 120 months amounts to fivefold increase of punishment. Combined with other factors such as his age and poor physical condition, such a sentence clearly provides specific deterrence. Mr. Vandeweerd does not want to die in prison.

### D.  A Sentence that is Sufficient But not Greater than Necessary

Mr. Vandeweerd understands that he committed a crime and that punishment is appropriate. Mr. Vandeweerd believes that the purposes of a criminal justice system and the goals of sentencing are sufficiently addressed by a term of incarceration of 120 months.

## IV. Conclusion

For all the forgoing, Mr. Vandeweerd respectfully requests that the Court consider his suggestion that a term of incarceration of 120 months would be sufficient but no greater than necessary to accomplish the various goals of sentencing.

Dated: September 12, 2023

Respectfully submitted,

*s/James S. Becker*

_____
JAMES S. BECKER
Attorney No. 388222
Attorney for Mr. Vandeweerd
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415