UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-115 (WMW/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICHARD DEAN VANDEWEERD,<br><br>　　　　Defendant. | **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING** |

The United States of America, by and through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota, and Lauren O. Roso, Assistant United States Attorney, hereby submits its position and memorandum on sentencing as to defendant Richard Dean Vandeweerd. For the reasons stated below, the United States respectfully submits that a sentence of 120 months, the term of imprisonment required by statute, is sufficient but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a).

## I.　THE OFFENSE CONDUCT

In February 2020, Mr. Vandeweerd used the Meet24 online chat application to reach out to "Becca," who purported to be a 14-year-old girl but was actually an online law enforcement role player with the FBI. (ECF No. 72, Presentence Investigation Report ("PSR") ¶ 7.) Mr. Vandeweerd chatted with "Becca" for several days, and he asked her to confirm that she was 14 years old. (*Id*.) As part of their conversations, Mr. Vandeweerd also sent "Becca" multiple photos of what he claimed to be his erect penis.

Mr. Vandeweerd contacted "Becca" again in November 2020, and sent her additional photos of his erect penis. (*Id.* ¶ 8.) He then spoke over the phone with a confidential source posing as "Becca," and discussed how he would like to meet her in person, but stressed that they had to be careful not to get caught. (*Id.*) At one point in the conversation, Mr. Vandeweerd told "Becca" that she was "about 20 years of trouble," which he later explained meant that "messing with [her] would get a guy 20 years [in prison]." (*Id.*)

In both February and November 2020, Mr. Vandeweerd was required to register as a sex offender with the State of Minnesota due to a prior conviction for Third-Degree Criminal Sexual Conduct. (*Id.* ¶ 9.) The conduct underlying that conviction is described in detail at Paragraph 29 of the PSR and includes Mr. Vandeweerd providing the 13-year-old victim marijuana before having sexual intercourse with her on more than one occasion. (*Id.* ¶ 29.) Mr. Vandeweerd received a stayed 36-month sentence for this hands-on offense and was on probation when he sent obscene material to "Becca" in February and November 2020. (*Id.*)

Based on the above, Mr. Vandeweerd was charged with two counts of attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and one count of committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. (ECF. No. 1.) He pleaded guilty to the Section 2260A offense on April 17, 2023, and admitted the conduct charged in the Indictment. (ECF No. 60, Plea Agreement, at 2.)

## II.   SENTENCING METHODOLOGY AND GUIDELINES

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology.  552 U.S. 38, 49-50 (2007).  First, the district court should calculate the advisory Sentencing Guidelines range.  *Id*. at 49.

The United States agrees with the statements in the Presentence Investigation Report regarding Mr. Vandeweerd's Guidelines calculations.  Because Mr. Vandeweerd pleaded guilty to a violation of 18 U.S.C. § 2260A, under U.S.S.G. § 2A3.6(b) he is subject to the mandatory term of imprisonment required by statute—10 years. (PSR ¶¶ 14, 64.)  Chapters 3 and 4 of the Guidelines do not apply.  (*Id*.)

## III.   SECTION 3553(a) SENTENCING FACTORS

After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence.  *Gall*, 552 U.S. at 49-50; *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").  Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities."

For the reasons discussed below, consideration of these factors supports the statutorily required sentence of 120 months' imprisonment.

### A.  The Nature and Circumstances of the Offense

The serious nature and circumstances of the offense weigh in favor of a significant custodial sentence of 120 months. In 2020, Mr. Vandeweerd was on probation for a hands-on sex crime, in which he lured a 13-year-old girl to have sex with him by getting her high and paying her for sex. Mr. Vandeweerd admitted that this was not his first time engaging in sexual conduct with a minor—in a 2015 psychosexual evaluation, he admitted to victimizing two other girls, ages 14 and 16, on multiple occasions. It is with this backdrop that the Court should consider Mr. Vandeweerd's conduct in this case.

Despite being a registered sex offender under court supervision, in 2020, Mr. Vandeweerd continued to reach out to who he believed were minor girls and send them sexually explicit photos. He conversed with these "girls" over a period of days, and shared his fantasies about kidnapping them and having sexual intercourse with them. Even if these conversations were pure fantasy on Mr. Vandeweerd's part, they were criminal, nonetheless. Because Mr. Vandeweerd is a repeat hands-on offender, who continued to prey on who he believed were minor girls while on probation for a prior sex crime, the ten-year sentence is warranted.

### B.  History and Characteristics of the Defendant

Mr. Vandeweerd's offense is serious, but the government recognizes that there are some mitigating factors that, while they do not excuse his crimes, may help explain his criminal behavior. Mr. Vandeweerd appears to have suffered significant trauma as a child,

4

including physical, emotion, and sexual abuse. In addition to enduring abuse from his father, he was placed in foster care when his parents were unable to care for him due to their own mental health struggles, and ran away from home as a teenager. Most recently, Mr. Vandeweerd was diagnosed by a Bureau of Prisons Examiner with "borderline intellectual functioning," which may account for some difficulties in understanding treatment concepts and understanding the harm caused by his repeated criminal conduct.

      C.      **Deterrence, Respect for the Law, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). A ten-year sentence is necessary to protect the public from Mr. Vandeweerd while he gets the help he needs to address his mental health and pursue intensive sex offender treatment. Though he completed some treatment in the past, he admittedly struggled to internalize what he learned and continued to reach out to who he believed were minor girls while on probation for a serious hands-on sex offense. It often takes multiple bouts of treatment and intensive aftercare to address pedophilic disorders, and given Mr. Vandeweerd's inability to rehabilitate in the community, a long-term custodial treatment plan is required to ensure the safety of the public. A sentence of 120 months will impress upon him a respect for the law, deter future criminal activity, and protect the public while he seeks treatment and develops prosocial skills.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 120 months' imprisonment. Such a sentence is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

Dated: September 13, 2023

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Lauren O. Roso*

BY: LAUREN O. ROSO
Assistant U.S. Attorney